

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,039-01 AND WR-82,039-02

### EX PARTE TREY BARTON SCOTT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 2022 AND 2023 IN THE 42ND DISTRICT COURT FROM COLEMAN COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of intoxication manslaughter in exchange for concurrent fourteen-year sentences. He did not appeal his convictions.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to adequately investigate or obtain discovery before advising

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

Applicant to plead guilty. Applicant alleges that counsel did not obtain rulings on discovery motions, and did not obtain the maintenance and operational records of the Breathalyzer device used in this case. Applicant also alleges that counsel did not determine whether the person who took Applicant's blood was qualified to do so or properly maintained a chain of custody for the evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Trial counsel shall detail the steps taken in investigating, and in obtaining and reviewing discovery in this case. Trial counsel shall also state what advice Applicant was given with respect to his options to plead guilty or go to trial on the charges. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant's pleas of guilty were knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 24, 2014
Do not publish